UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET L. AUSTELL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02596 SRC |
| | ) | |
| CITY OF PAGEDALE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Eddie's Towing, LLC, d/b/a All American Towing's Motion to Dismiss Eddie's Towing, LLC [25] and the City of Pagedale's Motion to Dismiss or in the Alternative for a More Definitive Statement [31]. The Court grants the Motion, in part, and denies the Motion, in part.

**I.  BACKGROUND**

On September 18, 2019, Plaintiff Janet L. Austell filed a complaint in this Court pursuant to 42 U.S.C. § 1983 alleging Defendants City of Pagedale, Mary Louis Carter, Sam J. Alton, Unknown Smith, Fran Stevens, Eddie Simmons, Jr., and All American Towing violated her rights under the Fifth and Fourteenth Amendments of the U.S. Constitution. On November 19, 2019, Austell filed an amended complaint asserting Defendants violated her rights under the Fourth, Fifth and Fourteenth Amendments.

For purposes of these Motions to Dismiss, the Court accepts as true the following facts alleged in Austell's Amended Complaint, which she filed *pro se*.[1] *Great Rivers Habitat Alliance*

---

[1] The Court uses the same organization, language, and sentence structure as Austell used in her Amended Complaint for clarity and to avoid distorting Austell's allegations. When quoting from the Amended Complaint, the Court uses quotation marks.

1

*v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). Since 1999, Austell has owned the property located at 1540 Faris in the municipality of Pagedale, Missouri. From 1967 until Austell took over ownership in 1999, Austell's parents owned the property. In 2007, Austell's son, Alfred Austell, II, started renting and living at 1540 Faris. In August 2014, Austell purchased the property across the street, at 1539 Faris, at a St. Louis County auction. The 1539 Faris property is a residential lot with a 50-foot concrete and blacktop driveway;the house originally on the lot was torn down in 2014, prior to Austell purchasing the property.

Austell purchased the property because there is "1540 Faris has a perfect view of the driveway on 1539 Faris." "Parking at 1539 Faris decreases the possibility of a passing vehicle hitting my (or my son's) vehicle. Parking on the street of Faris is unsafe because the street is narrow and people frequently drive too fast." In August 2015, Austell gave permission for Alfred to park at 1539 Faris; Austell also started using it for parking when she was working on repairs at 1540 Faris or had others working on repairs. In May 2018, Austell posted an address sign at 1539 Faris, that was approximately 8.5 by 11 inches, hanging from a post approximately four feet tall.

On July 12, 2015, Police Chief Eddie Simmons, Jr. spoke with Austell on the phone and told her that if she or Alfred parked at 1539 Faris, the vehicles would be towed. He also stated that if Austell did not comply with this order, he would cite her for ordinance violations and see her in court. She contacted an attorney and received confirmation that she was entitled to use the property so she ignored the conversation. In her Amended Complaint, Austell provides two tables listing the warnings and citations issued to her by the City of Pagedale.

From July 17, 2018, through August 24, 2018, Austell communicated with a lawyer, Lucas Null, who attempted to remediate the escalating situation with Pagedale's police

2

department and Mayor Mary Louis Carter.  Null communicated with Sam J. Alton, Pagedale's city attorney, who proposed Austell sign a written agreement stating she would not block the driveway at 1541 Faris.  Austell did not agree because neither she, nor her son, have ever blocked or in any way interfered with the driveway of a neighboring property.

On July 18, 2018, in response to an email Austell sent to get an application for occupancy for 1539 Faris, Fran Stevens emailed Austell telling her she needed to come and fill out the application in person.  Austell went to City Hall and spoke in person with Stevens about the application.  Stevens said she would discuss it with Mayor Carter because Stevens did not think she could issue an occupancy permit for a vacant lot.  A few days later, Stevens telephoned Austell and informed her that the mayor said a permit could not be issued for a vacant lot.

On July 20, 2018, Austell parked in the driveway at 1539 Faris while allowing a repair person to park in the driveway of 1540 Faris.  Chief Simmons approached her and told her she could not park her vehicle at 1539 Faris.  Faris Avenue, between Canton and Page Avenue, includes about 21 lots, 16 of which have a house.  Some of these are rental properties.  On July 20, 2018, Chief Simmons did not go to any other house on Faris to speak with any other owner or tenant.

On July 18, 2018, Mayor Carter issued a repeal of Pagedale's ordinances governing weeds and vegetation.  On September 4, 2018, Officer Smith wrote a warning for tall grass and/or weeds and stuck it to the front screen door of 1540 Faris.  Big Dawgs Lawn Service had cut the lawn on 1540 Faris on August 22, 2018.  Security footage of 1540 Faris on September 4, 2018, shows that the lawn does not exceed the height of the sewer line clean out, approximately three inches.  The height of vegetation at 1540 Faris was about the same height as vegetation at neighboring properties.  No other property owner received a citation, or warning, on this date.

On September 25, 2018, someone destroyed the yard lights and a wood planter at 1539 Faris. Austell called the Police Department and was told a complaint could only be filed in person. On October 8, 2018, someone drove a pickup truck across the lawn of 1539 Faris, leaving deep ruts. Austell went to City Hall between September 26, 2018, and October 12, 2018, to file a police report. When she asked to file a police report on two separate occasions, Officer Smith and an unknown police officer refused to file a police report for a complaint of property damage at 1539 Faris.

On December 13, 2018, Officer Smith wrote Austell a citation for a failure to control weeds in violation of Ordinance 1629, which was mailed to Austell's home at a different address. The vegetation on Austell's property was not weeds because weeds do not grow in Missouri in December. No other property owner on Faris received a citation on this date. Pagedale repealed Ordinance 1629 in July 2018. On June 20, 2019, this citation was dismissed.

On January 4, 2019, two unknown uniformed Pagedale police officers entered onto Austell's property at 1539 Faris without her permission. The officers did not have a warrant to enter the property. On January 6, 2019, Officer Smith wrote Austell a citation for violation of Ordinance 1262, stating there were "five signs less than 3 feet from 1541 Faris." These signs included an address sign and four no trespassing signs. This citation was dismissed on April 4, 2019.

On January 15, 2019, Austell's security video showed a uniformed Pagedale police officer drive up to 1539 Faris in what appeared to be an unmarked police vehicle. Two Public Works officials in a red truck with Pagedale's logo joined the officer and proceeded to destroy one of Austell's custom-made no trespassing signs and damaged another. These signs had a value of $1,000. On January 16, 2019, a uniformed Pagedale police officer, driving a vehicle

with "Police" on it, refused to allow Austell's tenant to file a complaint for destruction of the signs. The officer told the tenant only the owner could file a complaint. Austell went to the Police Department to file a complaint and the officer on duty told her he would not file a report.

On March 7, 2019, Austell appeared at the arraignment for citation #55400 (failure to control weeds) and she entered a plea of not guilty. Trial was set for May 16, 2019. On April 4, 2019, Austell appeared at the arraignment for citation #55434 (five signs) and entered a plea of not guilty. When Austell spoke with City Attorney Alton, she showed him pictures of the signs and explained that the ordinance only applies to commercial property. She provided him a copy of the ordinance that applies to residential property, which showed that her signs were exempt. Alton dismissed the citation.

On May 13, 2019, Officer Smith wrote Austell a warning for "non-hazardous violation, barrier made for signage." On May 16, 2019, Austell mailed a certified letter to the Pagedale Prosecuting Attorney and Police Department which stated, "Today I receive a warning for barriers made for signage, see attachment received from your organization. I do not have any knowledge of what you are referencing. I have not erected any illegal barriers. Please stop harassing me."

On May 16, 2019, Austell appeared for trial for citation #55400 (failure to control weeds) and spoke with Alton. Austell explained that the ordinance was repealed and what Officer Smith cited as weeds were actually shrubs. Alton told her to remove the vegetation and gave her a continuance of the trial date to June 20, 2019. On May 30, 2019, Officer Smith wrote Austell a citation for violation of Ordinance 1072, which is for prohibited and illegal signs. At 1539 Faris, there is one address sign and four no trespassing signs which Austell claims are exempt from all sign ordinances.

On June 20, 2019, when Austell appeared for trial for citation #55400, court was cancelled. She spoke with the court clerk asking why it had been cancelled and was informed the judge had dismissed the citation. On August 1, 2019, Austell appeared for trial on citation #55535 (prohibited signs) and plead not guilty. Austell showed the judge pictures of her no trespassing signs and he told her to bring the information to the trial.

On August 19, 2019, Austell watched a uniformed Pagedale police officer and two plain-clothed officials at 1539 Faris on her security video system. The uniformed officer placed a citation on Alfred's car for illegal parking. This citation, written by Officer Smith, cites Ordinance 355.010 which does not apply to private residential property, according to Austell. The Pagedale Municipal Court judge dismissed this citation on November 7, 2019. On August 19, 2019, neighbors at 1537, 1538, and 1541 Faris had vehicles parked in their driveways and did not receive a citation or warning.

On August 22, 2019, Officer Smith called Austell and told her Alfred's vehicle was illegally parked and Smith's supervisor wanted it towed. Austell told Smith that her son's car was operational, legally parked on private property, and if it was towed, she would file a civil lawsuit. A short while later, Austell's son received a text from a neighbor stating his car was being towed. After being notified by her son, Austell watched, on her security camera, a Pagedale police officer and All American Towing disregard a posted no trespassing sign and tow her son's car from her private property at 1539 Faris. This vehicle, legally registered in Missouri, was parked on the blacktop and concrete driveway of 1539 Faris.

On August 22, 2019, Austell received a warning in the mail from Officer Smith for a parking violation. The warning was issued on August 21, 2019, for a vehicle parked in an unapproved parking area. No other property owner or tenant on Faris Avenue has been denied

use of his or her driveway. No other property owner or tenant with a driveway on Faris Avenue had his or her vehicle towed on August 22, 2019. Tenants at 1537 and 1538 Faris parked cars in their driveways on that date and were not towed.

On September 12, 2019, Austell received a summons for citation #55535 (prohibited signs). The summons required Austell to appear for trial on October 17, 2019 at 10:00 a.m. On that date, Austell appeared at the Municipal Court for trial. Alton put the citation on hold because Austell had filed this lawsuit. She asked for a date for the citation to be resolved but was not given one.

## II. STANDARD

### A. Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### B. Rule 12(b)(6) Standard

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a

factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

### A. Eddie's Towing LLC's Motion to Dismiss

In its Motion to Dismiss, Eddie's Towing, LLC, d/b/a All American Towing, asks the Court to dismiss Austell's claims for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction. Eddie's Towing argues Austell's Amended Complaint does not allege a meeting of the minds between Eddie's Towing and Pagedale officials as is required for a § 1983 civil conspiracy claim. It also asserts Austell lacks standing to assert a claim against Eddie's Towing for the towing of Alfred's car. The Court first addresses the issue of standing.

#### i. Standing

Eddie's Towing argues that Austell lacks standing to file suit against Eddie's Towing because she asserts claims against Eddie's Towing for a car towed by Eddie's that Austell did not own; thus, she did not sustain an injury.

To meet the constitutional minimum for standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). If Austell were asserting a claim under § 1983 for a Fourth Amendment violation for seizure of the car, Eddie's Towing would be correct. She would not have standing to bring that claim, it would belong to her son, the owner of the vehicle. However, her Amended Complaint does not appear to assert such a claim. Instead, she asserts the following, in relation to the towing allegations:

9

a. Defendants' actions from August 19 through August 22, 2019, carried out threats made on July 12, 2018, by Police Chief Eddie Simmons, Jr.

b. Defendants knowingly and intentionally misrepresented and misused City of Pagedale ordinances. Defendants (City of Pagedale employees and individual (sic) working on behalf of the City of Pagedale this includes defendants both identified and unidentified) knowingly and intentionally misused and misrepresented laws.

c. Defendants acted together to harass me.

d. Defendants acted together (conspiratorially) to interfere with amenities I offer my tenant.

e. Defendants exceeded their authorities and abused powers of their office.

f. Defendants used arbitrary interpretation of laws, treated me differently than other property owners and/or citizens residing in the City of Pagedale.

g. Defendants (City of Pagedale employees and individual working on behalf of City of Pagedale) violated my rights.

h. Defendants falsified a warning for a violation to me (and issued a fraudulent citation to my son).

i. Defendants intentionally towed my son's car away to cause me harm, and instill fear in me, and to oppress me.

j. Defendants did not have permission to enter my property at 1539 Faris.

k. Defendants ignored a posted no trespassing sign at 1539 Faris.

l. Defendants did not have a warrant or warrant exception to enter my property at 1539 Faris.

Doc. 24, pg. 16. Austell does not assert a claim for seizure of the vehicle. On the basis of these allegations, Austell alleges an injury-in-fact that is fairly traceable to the challenged conduct of Eddie's Towing – that it entered her property without permission causing her harm and fear. This is sufficient to establish standing. To the extent that Austell does assert claims for Alfred's alleged injury from his car being towed, she does not have standing to bring those claims and the Court dismisses them.

      **ii.**      **Failure to State a Claim**

Next, Eddie's Towing alleges that Austell fails to state a claim against Eddie's Towing for civil conspiracy because she fails to allege a meeting of the minds between Eddie's Towing and Pagedale officials.

To assert a claim for § 1983 civil conspiracy, a plaintiff must prove:

(1) that the defendant[] conspired with others to deprive [her] of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the over act injured [her].

*Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (citing *Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)). "The plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id*. "The question of the existence of a conspiracy to deprive the plaintiff of [her] constitutional rights should not be taken from the jury if there is a possibility the jury could infer from the circumstances a 'meeting of the minds' or understanding among the conspirators to achieve the conspiracy's aims." *Id.* (citing *Bonenberger*, 810 F.3d at 1109).

Austell's Amended Complaint fails to allege a meeting of the minds. The only allegation relating to Eddie's Towing's conduct is: "After I received a text from my son I watched on my security camera a uniformed Pagedale Police officer and All American Towing disregard a posted no trespassing sign and tow my son's car from my private property at 1539 Faris." Doc. 24, pg. 15. These allegations do not plead with particularity and specifically demonstrate with material facts that Eddie's Towing reached an agreement with the Pagedale defendants.

Austell cites several cases in support of her argument that Eddie's Towing was acting under color of state law. Even assuming Eddie's Towing was acting under color of state law, which the Court does not determine at this time, Austell still has to properly allege a § 1983 claim against Eddie's Towing, which she fails to do. The Court dismisses the claims against

Eddie's Towing, without prejudice and leave to amend. If Austell wishes to amend her Amended Complaint, she must do so within thirty days of the date of this order.

### B. Pagedale's Motion to Dismiss

In their Motion to Dismiss, Defendants City of Pagedale, Mary Louise Carter, Sam J. Alton, Eddie Simmons, Jr., Officer Smith, and Fran Stevens, move to dismiss Austell's Amended Complaint pursuant to Rule 12(b) or, in the alternative, for a more definite statement under Rule 12(e). First, the Pagedale Defendants assert Austell lacks standing for any claims with regards to the towed vehicle. Next, they argue the Court must dismiss Austell's claims relating to her real property because she does not allege a permanent, physical taking. Finally, they argue the Court should dismiss her allegations related to filing a police complaint, which they construe as an equal protection claim, because she does not allege that others similarly situated to her were treated differently.[2]

#### i. Standing

The Court's analysis regarding Austell's standing for claims against Eddie's Towing applies equally to the Pagedale Defendants. Therefore, the Court will not reiterate its reasoning here. To the extent Austell asserts claims against the Pagedale Defendants for damages incurred by her son, she lacks standing to do so. Otherwise, Austell has standing to bring claims for injuries she sustained.

#### ii. Takings Clause Claim

The Pagedale Defendants seem to argue that the Court must dismiss Austell's claims regarding her real property because she does not sufficiently allege a claim under the Takings

---

[2] The Court notes the disrespectful tone and inappropriate language used towards Austell throughout the Pagedale Defendants' brief. The Court expects all parties to be treated with respect whether they are represented by counsel or not.

Clause of the Fifth Amendment. The Takings Clause states, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. "The takings clause reaches both direct appropriations of property and some regulations that redefine a property owner's range of interests in property." *Outdoor Graphics, Inc. v. Burlington, Iowa*, 103 F.3d 690, 693 (8th Cir. 1996). "Although property can be regulated, a regulation of land that 'goes too far' is recognized as a taking." *Id.* (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1014 (1992). Nothing in the Amended Complaint suggests Austell asserts a claim pursuant to the Takings Clause. The Pagedale Defendants seem to suggest in their Motion that Pagedale has an ordinance prohibiting someone from using land for a parking lot that is not otherwise occupied and that Austell is challenging this ordinance. But neither Defendants nor Austell cites to this alleged ordinance. To the extent Austell raises a claim pursuant to the Takings Clause, the Court dismisses the claim, without prejudice and with leave to amend, for failure to state a claim because she fails to identify in her Amended Complaint the ordinance she challenges as a taking. If Austell wishes to amend her Amended Complaint, she must do so within thirty days of the date of this order.

### iii. Claims Regarding the Refusal to File Police Reports

The Pagedale Defendants argue that Austell's allegations regarding Pagedale officers' refusals to allow Austell to file police reports fail to state an equal protection claim because she does not allege others similarly situated have the power to demand an officer to file a police report. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Id.* While Austell

does include factual allegations that others similarly situated were treated differently than she in other parts of her Amended Complaint, her allegations relating to the refusals to allow her to file police reports do not contain any such allegations. Therefore, to the extent she asserts an Equal Protection Claim in regards to filing a police report, the Court dismisses the claim, without prejudice and with leave to amend. The Court does not dismiss or strike the allegations relating to Defendants' alleged refusal to file police reports insofar as they support Austell's conspiracy claims. The remainder of Austell's claims remain pending. If Austell wishes to amend her Amended Complaint, she must do so within thirty days of the date of this order.

### iv. More Definite Statement

The Pagedale Defendants alternatively move the Court to require Austell to file a second amended complaint to make more definite and certain what claims she asserts. Austell's Amended Complaint is articulate and well-organized. She lays out her factual allegations and then her legal conclusions for each event that occurred. FRCP 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which Austell has done here. The Court denies the Pagedale Defendants' alternative motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eddie's Towing, LLC, d/b/a All American Towing's Motion to Dismiss Eddie's Towing, LLC [25] is **GRANTED.**

**IT IS FURTHER ORDERED** that the City of Pagedale's Motion to Dismiss or in the Alternative for a More Definitive Statement [31] is **GRANTED, in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Austell has thirty days from the date of this order to file a Second Amended Complaint, if she wishes to do so. The Court will enter a separate order

appointing limited scope counsel to Austell for the consideration and preparation of an amended complaint.

**IT IS FURTHER ORDERED** that the Court refers this matter to early mediation. The Court will appoint limited scope counsel to Austell for the mediation. The Court will enter separate order with the details of the limited scope counsel and the referral to early mediation.

**IT IS FURTHER ORDERED** that on the conclusion of mediation, a Rule 16 Conference is set for April 14, 2020, at 1:00 p.m. in Courtroom 14 North. The Court will enter a separate order with the details of the Rule 16 Conference.

So Ordered this 31st day of January, 2020.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**